IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ZAJACS,<br>            Plaintiff,<br><br>            v<br>ARMSTRONG COUNTY MEMORIAL HOSPITAL,<br>            Defendant. | )<br>)<br>)<br>) 2:11-cv-280<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court are PLAINTIFF'S MOTION TO COMPEL (Document No. 34) filed by Plaintiff Mark Zajacs ("Zajacs") and DEFENDANT'S MOTION TO QUASH THE SUBPOENAS DIRECTED TO DAVID LEMONICK, M.D. AND ACMH PATIENT "BLE" (Document No. 38) filed by Defendant Armstrong County Memorial Hospital ("ACMH"). Defendant filed a response and brief in opposition to the motion to compel (Document No. 37). Because both motions address the same underlying facts and Zajacs' position is set forth in his own motion, it is not necessary that he file a response to Defendant's motion to quash. Accordingly, both motions are ripe for disposition. Oral argument is not warranted.

Factual and Procedural History

This is an age discrimination case. Zajacs was employed as a CT Technologist at ACMH prior to being fired. He avers that ACMH's stated reasons for his termination were pretextual and that the real reason for his discharge was age discrimination.

Counsel have been unable to amicably resolve a discovery dispute. Plaintiff wants to "poke holes" in the reason cited by ACMH for terminating Zajacs' employment, namely that he failed to advise and obtain the written consent of pregnant patients prior to performing CT scans, in violation of ACMH policy. Plaintiff's counsel seeks: (1) production of an Event Report Form

1

prepared by Zajacs on June 18, 2010; (2) the medical records of the patient involved in the incident; (3) a deposition of the patient; and (4) a deposition of Dr. Lemonick, the attending physician at the time of the incident.  Plaintiff's counsel has not provided an explanation of why or how this discovery would advance his case, other than a conclusory statement that "who said what to whom" during the incident is "critical."

The first issue is now moot because the Event Report Form has been produced.  The Event Report Form, which is in Zajacs' own handwriting, describes an incident on June 18, 2010 which involved a pregnant patient.  Zajacs did not inform the patient that her pregnancy test was positive, nor did he obtain a signed release from her.  Instead, based on a phone conversation with ER Nurse David Cribbs, who stated that "Dr. Lemonick wanted her scanned anyway" and would "talk to her when she gets back to ER," Zajacs simply performed the CT scan.  On page 2 of the Event Report Form there is a note, purportedly from Department Supervisor Marcia Green, which states:  "I discussed this with Dr. Backstrom and we reported this to our radiation safety officer."

ACMH has submitted a copy of Policy No. 1208 ("Radiation Protection for Female and the Pregnant Patient"), which provides, in relevant part:  "If the Referring Physician decides the imaging is to be done regardless of pregnancy the **patient has to give consent by signing her name** on the appropriate form." (Emphasis added).  The Policy also provides that all female patients of childbearing age must be specifically asked about the possibility of pregnancy and all patients in this age group must be protected by lead shielding.  If there are any doubts, the Radiologist and Radiation Safety Officer must be notified.

As set forth in Defendant's discovery responses (*see, e.g.,* Document No. 37-1), in June 2010 an unnamed physician directed Zajacs to report that he had performed a CT scan on a

pregnant patient without telling her she was pregnant and without shielding her.  Upon investigation, ACMH discovered a pattern and practice by Zajacs of not recording whether or not patients were pregnant and not obtaining a pre-scan signed release form.  Defendant contends that it discharged Zajacs "because of blatant policy violations."  ACMH notes that as a result of four prior disciplinary actions, Zajacs had been placed on a "last chance agreement" on January 13, 2010, by which he was subject to immediate discharge for any violation of ACMH policy.

Discussion

Defendant vigorously opposes the proposed discovery as irrelevant and in violation of the patient's privacy rights.  ACMH contends that Plaintiff is attempting to divert attention from the core issue in this case, i.e., whether Zajacs was terminated due to age discrimination.  The Court concludes that the discovery sought by Plaintiff is not justified.

It is well-established that in order to discredit an employer's proffered reason for terminating employment, an employee "cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).  As applicable here, it is not relevant whether ACMH made a wise or correct decision to punish Zajacs for the June 18 and similar incidents, or whether Zajacs had a justifiable basis for failing to follow ACMH policy.  Rather, Zajacs must show that ACMH used the June 18 incident as a pretext for age discrimination, for example, by presenting a "comparator" who committed a similar infraction but was not discharged.  As it is undisputed that the incident occurred, the actual underlying facts are of virtually no benefit to Zajacs in the context of this case.

ACMH has taken the legal position that Zajacs was terminated based on: (1) its <u>investigation</u> of the incident; (2) its discovery of a "pattern and practice" by Zajacs of failing to advise and obtain sign-offs from pregnant patients; and (3) his status on a "last-chance agreement." Thus, it is apparent that the June 18 incident, by itself, was not the sole cause of his discharge. Moreover, the specific discovery which Plaintiff seeks to pursue is not reasonably calculated to lead to relevant evidence. Zajacs has not identified any information the patient might be able to shed on these topics, and the Court cannot conceive of any such information. Further, it appears that Zajacs did not have any direct communications with Dr. Lemonick regarding the CT scan on June 18, but instead, spoke with Nurse Griggs. In any event, according to the Policy, approval to perform the scan was required to be given by the Radiologist and/or Radiation Safety Officer, not the attending physician. Because the Court concludes that the requested discovery is clearly not relevant, it need not grapple with the weighty patient privacy concerns raised by ACMH.

In accordance with the foregoing, PLAINTIFF'S MOTION TO COMPEL (Document No. 34) is **DENIED** and DEFENDANT'S MOTION TO QUASH THE SUBPOENAS DIRECTED TO DAVID LEMONICK, M.D. AND ACMH PATIENT "BLE" (Document No. 38) is **GRANTED**.

SO ORDERED this 12th day of January, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Neal A. Sanders, Esquire**
Email: lonas@earthlink.net
**Dirk D. Beuth, Esquire**
Email: dbeuth@comcast.net

**Brian D. Balonick, Esquire**
Email: brian.balonick@bipc.com
**Christian Antkowiak, Esquire**
Email: christian.antkowiak@bipc.com